*Northern District*
A.D. No. 5946
**AL FALCONI d/b/a FALCONI MOTORS**
v.
**PEABODY AUTO AUCTION, INC.**
Filed September 3, 1964

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Troy, J.* in the District Court of Peabody. No. 23211.

*Eno, J.* The complete report in this case is as follows:

"This is an action of contract in which the plaintiff seeks to recover damages from the defendant for the loss of a motor vehicle purchased from the defendant in compliance with a Title Warranty and Bill of Sale.

The defendant's answer is a general denial.

*At the trial there was evidence tending to show*:

The plaintiff purchased a 1958 Cadillac on June 14, 1962, from one Gordon Ray through the Peabody Auto Auction, Inc. and received a document entitled, "Title Warranty and Bill of Sale" a copy of which was

entered into evidence as plaintiff's Exhibit 1. Such document recited in part, "Sold to Falconi Motors, Dorchester, Massachusetts, in accordance with terms and conditions printed on the reverse side of this Title Warranty and Bill of Sale," and designated Gordon Ray of Exeter, New Hampshire, as the Seller. It also contained the signatures of Gordon Ray as Seller and Falconi Motors by Al Falconi as Buyer and contained the provision, "The undersigned Auction Company, in accordance with the terms and conditions printed on the reverse side of this Title Warranty and Bill of Sale, guarantees the title to the above described vehicle to be as shown herein." The reverse side was blank.

Offered in evidence was a check in the amount of $1,300.00, Falconi Motors, Al Falconi as Maker, payable to Gordon Ray and guaranteed by the defendant, signed Peabody Auto Auction, Inc. by B. A.

The plaintiff testified that the vehicle was taken away from him on May 18, 1963; that he had paid $200. for repairs to the motor, $100. for tires to the motor vehicle, and had hired taxi cabs and other transportation after the loss of the motor vehicle; that the plaintiff was the only witness.

At the close of the trial and before final arguments, the defendant made the following requests for rulings:

1. The defendant is not liable to plaintiff of common law and no rights or liabilities arise without an agreement to be so liable. *Com-*

*mercial Credit Corp. v. Stan Cross Buick,*
343 Mass. 622 at page 629.

2. If there be any liability to the defendant, it shall be limited to contractual liability under the terms of the agreement between the parties.

3. The burden is on the plaintiff to prove the alleged breach of warranty in complete compliance with the terms and conditions of the alleged warranty.

4. The defendant as a matter of law is not liable to the plaintiff for alleged repairs and tires.

5. On all the evidence, the defendant is not liable to the plaintiff as alleged in plaintiff's declaration.

The court ignored the requests for rulings and thereby denied the same and made the following finding:

"Hearing having been had on the 10th day of April, 1964, the court finds for the plaintiff in the sum of $2500.00 damages, with costs."

This report contains all the evidence material to the question reported.

The defendant claiming to be aggrieved by the finding of the court as contained in the memorandum of findings and rulings, and by the court's denial of requests numbered one, two, three, four and five."

The trial judge made no findings of facts so it is difficult to determine upon what grounds he made a finding for the plaintiff.

It is stated in the report that it is an action

of contract to recover damages for the loss of a motor vehicle purchased from the defendant in compliance with a Title Warranty and Bill if Sale. Yet we read from the evidence reported that the motor vehicle was purchased not from the defendant, but from one Gordon Ray, the defendant apparently being only an agent, broker or from its name an auctioneer.

Then, the report states that it was sold to the plaintiff in accordance with the terms and conditions on the reverse side of the "Title Warranty and Bill of Sale", but, still according to the report "the reverse side was blank", and therefore what that warranty was is not known.

Finally the report states that "the vehicle was taken away" from the plaintiff about eleven months after said sale. Yet there is no mention of the identity of the party who took it and for what reason it was taken.

The trial judge ignored the defendant's requests for rulings. In that case they are to be treated as having been denied.

Since there is not one iota of evidence to warrant a finding for the plaintiff, it was prejudicial error, at least, to have denied defendant's request number 5, therefore the finding for the plaintiff is vacated and a new finding is to be entered for the defendant.

Milton B. Goodman, of Danvers, for the Plaintiff.
Daniel J. Donovan, of Danvers, for the Defendant.